UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___10/7/19

------------------------------------------------------------x

ROGER LAINEZ,
               Plaintiff,

v.

AMY ROYCROFT, ASHLEY HARRIS-
BAKER, JEANETTE BARRET-WILSON,
JULIO MARTINEZ, and STEPHANIE
O'SULLIVAN,
               Defendants.

------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 6754 (VB)

Copies Mailed/Faxed 10/7/19
Chambers of Vincent L. Briccetti

Briccetti, J.:

    Plaintiff Roger Lainez, proceeding pro se and in forma pauperis, brings this action under

42 U.S.C. § 1983 against defendants Nurse Amy Roycroft, Physician's Assistant Ashley Harris-

Baker, Nurse Administrator Jeanette Barret-Wilson, Nurse Practitioner Julio Martinez, and

Registered Nurse Stephanie O'Sullivan. Liberally construed, plaintiff's amended complaint

asserts Eighth Amendment and Fourteenth Amendment claims for deliberate indifference to

plaintiff's medical needs at Woodburne Correctional Facility ("Woodburne").[1]

    Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule

12(b)(6). (Doc. #21).

---

[1] Plaintiff filed his initial complaint on May 23, 2018. (Doc. #1). On November 6, 2018, after defense counsel identified several of plaintiff's medical providers pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), the Court ordered plaintiff to amend his complaint and provide "the facts that give rise to his claims, including the dates, times, and places of the alleged underlying acts." (Doc. #12). Thereafter, plaintiff filed an amended complaint. (Doc. #13). The Court had instructed plaintiff that his amended complaint would replace rather than supplement his initial complaint. However, even liberally construing plaintiff's complaints together, he still fails to state a claim.

For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted leave to file a second amended complaint as to his Eighth Amendment deliberate indifference claim in accordance with the instructions below.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

Initially, plaintiff was a convicted inmate housed at Woodburne, a prison operated by the New York State Department of Corrections and Community Supervision. Plaintiff alleges in October 2016, he felt lumps in his upper groin area and went to sick call to report the lumps. According to plaintiff, the medical professionals at Woodburne told him to use a hot damp towel to reduce swelling, but the treatment was ineffective, burned, and irritated him. Plaintiff claims he later returned to sick call and was given antibiotics to treat the lumps. According to plaintiff, the antibiotics were ineffective. Plaintiff alleges medical providers at Woodburne then doubled his dosage of antibiotics, but the treatment remained ineffective.

On July 3, 2017, plaintiff was transferred from Woodburne to the Buffalo Federal Detention Facility ("Buffalo FDF"). Plaintiff alleges he went to sick call at Buffalo FDF, where the medical staff referred him to an oncologist who later diagnosed plaintiff with follicular lymphoma. Following the diagnosis, plaintiff alleges he had surgery and twelve sessions of radiation therapy.

**DISCUSSION**

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[2] First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights

---

[2]     Unless otherwise indicated, case quotations omit all citations, internal quotation marks, footnotes, and alterations.

violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.    Eighth Amendment Claims

Defendants argue plaintiff fails to state a claim for constitutionally inadequate medical care.

The Court agrees.

As an initial matter, plaintiff asserts deliberate indifference claims under both the Eighth and Fourteenth Amendments. Because plaintiff was a convicted prisoner when the events giving rise to his claim occurred, his claim arises under the Eighth Amendment not the Fourteenth. Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009), overruled on other grounds by Darnell v. Pineiro, 849 F.3d 17 (2d Cir. 2017).

A.    Personal Involvement

To adequately plead a Section 1983 claim, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Furthermore, the complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. May 31, 2001) (summary order).[3] A plaintiff cannot "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish

---

[3]    Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

their conduct." Id. Rather, a plaintiff must plead each defendant's personal involvement in an alleged constitutional violation.

    B.    <u>Inadequate Medical Care</u>

To state a claim for constitutionally inadequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). This test has an objective prong and a <u>mens</u> <u>rea</u> prong: a plaintiff must plausibly allege (i) a "sufficiently serious" inadequacy of medical care, and (ii) the officials in question acted with a "sufficiently culpable state of mind." <u>Salahuddin v. Goord</u>, 467 F.3d 263, 279–80 (2d Cir. 2006).

The objective prong has two subparts. First, a plaintiff must adequately plead he "was actually deprived of adequate medical care." <u>Salahuddin v. Goord</u>, 467 F.3d at 279. Because "the prison official's duty is only to provide reasonable care," prison officials violate the Eighth Amendment only if they fail "'to take reasonable measures' in response to a medical condition." <u>Id.</u> at 279–80 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994)). Second, a plaintiff must plausibly allege "the inadequacy in medical care is sufficiently serious." <u>Id.</u> at 280. Courts assess this by examining "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." <u>Id.</u> If the allegedly offending conduct "is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." <u>Id.</u> But if the offending conduct is the "medical treatment given, the seriousness inquiry is narrower." <u>Id.</u>

The <u>mens</u> <u>rea</u> prong requires the plaintiff to allege plausibly "the official acted with deliberate indifference to inmate health." <u>Salahuddin v. Goord</u>, 467 F.3d at 280. Mere negligence does not give rise to an Eighth Amendment violation. <u>Farid v. Ellen</u>, 593 F.3d 233,

249 (2d Cir. 2010). Accordingly, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. at 106. In other words, medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness. Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

    C.    Application

First, the amended complaint does not specify which defendants allegedly failed to provide adequate medical care and how they allegedly failed to do so.

Plaintiff fails to identify which medical professionals treated him on his sick call in October 2016. And plaintiff fails to identify which medical professionals treated him on his subsequent sick calls prior to being transferred to Buffalo FDF in July 2017. Instead, in his pleadings, plaintiff has lumped together all five defendants and alleged they all were responsible for his misdiagnosis and mistreatment. Accordingly, plaintiff has failed adequately to plead the defendants identified in the amended complaint were personally involved in the allegedly deliberate indifference to his medical needs. See Ashcroft v. Iqbal, 556 U.S. at 676.

Second, plaintiff's allegations fail to satisfy the Eighth Amendment's mens rea prong.

Plaintiff does not allege he was denied medical care. Rather, he claims defendants "failed to provide him with the proper medical assistance he needed" and "failed to send [him] to [a] specialist." (Compl. at ¶ 4). The Eighth Amendment deliberate indifference standard requires the plaintiff to adequately plead that the prison official subjectively knew of and disregarded the plaintiff's serious medical needs. Chance v. Armstrong, 143 F.3d at 703. Allegations of mere negligence are not enough. Harris v. Westchester Cty. Med. Ctr., 2011 WL 2637429, at *3 (S.D.N.Y. July 6, 2011).

Here, plaintiff's complaints lack any allegation that his misdiagnosis was caused by anything other than defendants' negligence. Plaintiff does not allege defendants intentionally opted for a less effective or less expensive course of treatment, nor does he allege any defendant perceived, but consciously chose to disregard, a serious risk to plaintiff's health. Chance v. Armstrong, 143 F.3d at 703. Instead, plaintiff alleges defendants tried to treat plaintiff's ailments but incorrectly diagnosed the cause. Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment."). At most, plaintiff's allegation sounds in negligence, not recklessness.

Accordingly, plaintiff's deliberate indifference claim must be dismissed.

III.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Here, because a liberal reading of the amended complaint indicates a valid Eighth Amendment claim might be stated, the Court grants plaintiff leave to file a second amended complaint and replead his deliberate indifference claim, to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's second amended complaint must address the deficiencies identified in this Opinion and Order and must:

1.    describe all relevant events, stating the facts that support plaintiff's case, including **what each individual defendant did or failed to do**;

2.    include a clear explanation of the health issues he attributes to any untimely or improper medical treatment;

3.    include any details explaining why he believes defendants untimely or improperly treated him;

4.    give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

5.    describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered <u>as a result of those acts or omissions</u>; and

Essentially, the body of plaintiff's second amended complaint must tell the Court:  who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

**Finally, the second amended complaint will completely replace, not supplement, the prior complaints.  Therefore, plaintiff must include in the second amended complaint <u>all</u> information necessary for his claims.**  However, plaintiff is directed to include in his second amended complaint <u>only</u> those facts he believes plausibly support a violation of his constitutional rights.

## CONCLUSION

The motion to dismiss is GRANTED. However, plaintiff is granted leave to file a second amended complaint as to his Eighth Amendment deliberate indifference claim, in accordance with the instructions above.

Plaintiff shall file his second amended complaint by no later than November 7, 2019, using the second amended complaint form attached to this Opinion and Order. **If plaintiff fails to file a second amended complaint or seek additional time to do so by November 7, 2019, the Court may deem plaintiff to have abandoned this case and may direct the Clerk to enter judgment in defendants' favor and close the case.**

The Clerk is instructed to terminate the motion. (Doc. #21).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order, and its attachments, to plaintiff at the address he provided on the docket.

Dated: October 7, 2019
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**SECOND
AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes     ☐ No

(check one)

18 Civ. 6754 (VB)

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
      confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
      as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant
      may be served. Make sure that the defendant(s) listed below are identical to those contained in the
      above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 2     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


Defendant No. 3     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


<table>
<tr><td>Who did<br>what?</td></tr>
</table>

Defendant No. 4     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


Defendant No. 5     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


## II.     Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the
caption of this complaint is involved in this action, along with the dates and locations of all relevant events.
You may wish to include further details such as the names of other persons involved in the events giving
rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.     In what institution did the events giving rise to your claim(s) occur?

       _____
       _____


B.     Where in the institution did the events giving rise to your claim(s) occur?

       _____


C.     What date and approximate time did the events giving rise to your claim(s) occur?

       _____
       _____
       _____


<table>
<tr><td>What<br>happened<br>to you?</td></tr>
</table>

D.     Facts:_____

       _____
       _____
       _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____     No _____     Do Not Know _____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____     No _____     Do Not Know _____

       If YES, which claim(s)?

       _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____     No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____     No _____

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____

       1.     Which claim(s) in this complaint did you grieve?

       _____

       2.     What was the result, if any?

       _____

       3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

       _____

       _____

       _____

F.     If you did not file a grievance:

       1.     If there are any reasons why you did not file a grievance, state them here:

       _____

       _____

_____
_____
_____

    2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.** **Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____
_____ 4.    Name of Judge assigned to your case_____
        5.    Approximate date of filing lawsuit _____
        6.    Is the case still pending?  Yes _____  No _____
              If NO, give the approximate date of disposition_____
        7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
              _____
              _____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
      Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____
_____ 4.    Name of Judge assigned to your case_____
        5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                    Signature of Plaintiff    _____

                    Inmate Number           _____

                    Institution Address    _____

                                              _____

                                              _____

                                              _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                    Signature of Plaintiff:    _____